**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GREAT DANE TRAILERS, INC., Respondent.**

**No. 22427.**

United States Court of Appeals Fifth Circuit.

July 8, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Atty., N.L.R.B., Washington, D. C., for petitioner.

O. R. T. Bowden, Jacksonville, Fla., for respondent.

Before RIVES and GEWIN, Circuit Judges, and ALLGOOD, District Judge.

PER CURIAM:

It appears from the Board's motion and the Respondent's answer that the following facts are without dispute:

1. On July 26, 1967, this Court, pursuant to the direction of the Supreme Court, 388 U.S. 26, 87 S.Ct. 1792, 18 L. Ed.2d 1027, reversed its earlier judgment denying enforcement of the Board's order and entered an order enforcing the Board's order.

2. The Board's Decision and Order adopted the "findings, conclusions, and

recommendations" of the Trial Examiner, 150 N.L.R.B. 438.

3. The Trial Examiner's recommended remedy provided for the reimbursement of vacation pay and that the vacation pay due to the employees "shall bear interest at the rate of 6 percent per annum from June 28, 1963, the date such vacation pay was payable under provisions of the applicable contract until paid."

4. The Board's Decision and Order adopted the order recommended by the Trial Examiner.

5. The order recommended by the Trial Examiner included the following:

"* * * that Respondent Great Dane Trailers, Inc., its officers, agents, successors and assigns, shall:

"1. Cease and desist from: (a) Withholding vacation pay from * * * its employees * * *

"2. Take the following affirmative action * * *: (a) Forthwith pay to each employee on its payroll on May 15, 1963, who qualified for vacation pay * * *, the vacation pay due on June 28, 1963 * * *."

6. The said decree of this Court has been in full force and effect since its entry and at all times material herein Respondent has had notice and knowledge of its terms.

7. On October 19, 1967, the Respondent paid the principal of the vacation benefits as required by said decree but did not pay any interest thereon.

8. Respondent states affirmatively that it has fully discharged its monetary obligation under the decree by the aforesaid payment of the vacation benefits and that the decree neither directed nor required payment of interest on the vacation benefits.

We do not agree with the Respondent's interpretation of this Court's decree, but hold that when properly construed the decree required the payment of interest due on the vacation pay in accordance with the recommendation of the Trial Examiner that the vacation pay due employees "shall bear interest at the rate of 6 percent per annum from June 28, 1963, the date such vacation pay was payable under provisions of the applicable contract until paid." The total interest due, computed from June 28, 1963 to October 19, 1967 amounts to $9,808.50. By its conduct the Respondent has failed to comply with the decree of this Court and therefore is adjudged to be in civil contempt of this Court.

It is ordered that the Respondent purge itself of such contempt by:

(a) Paying, as provided in said decree, the interest due in the total amount of $9,808.50;

(b) Filing a sworn statement with the Clerk of this Court, and sending a copy thereof to the Director of the Board's Tenth Region in Atlanta, Georgia, within 10 days after the entry of the order of adjudication in contempt, showing what steps Respondent has taken to comply with the Court's directions;

(c) Paying to the Board all costs and expenses, including reasonable counsel fees, incurred in the investigation, preparation, presentation and final disposition of this proceeding to adjudge Respondent in civil contempt.

The Court reserves jurisdiction to enter any further orders or decrees which may appear necessary or appropriate.